UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| WAYNE NICOLAISON, | Case No. 17-CV-1354 (JRT/SER) |
|---|---|
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| HENNEPIN COUNTY; MARGARET DALY, Esq.; THOMAS ARNESON, Esq.; and TERRY O'NEILL, | |
| Defendants. | |

Plaintiff Wayne Nicolaison, a patient at the Minnesota Sex Offender Program ("MSOP"), alleges that his continuing detention at the MSOP is unlawful. Nicolaison applied for *in forma pauperis* ("IFP") status. *See* ECF Nos. 2 & 3. His IFP application is before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court concludes that Nicolaison qualifies financially for IFP status. That said, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although

1

the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

This action is a direct challenge to the legality of Nicolaison's ongoing civil detention, which he regards as unlawful. As such, it is precluded by the doctrine set forth by the Supreme Court in in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87 (footnote and citation omitted). In other words, a detainee cannot maintain a civil action that, if successful, would cast doubt on the validity of his facially valid confinement.

This Court recognizes that Nicolaison is not being held pursuant to a criminal judgment. Still, "the principles set forth in *Heck* are fully applicable to . . . detainees who are confined by reason of a civil commitment, rather than a prison sentence." *McHorse v. Minnesota*, No. 13-CV-0837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) (citing, inter alia, *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005); *Banda v. New Jersey Special Treatment Unit Annex*, 164 Fed. App'x 286, 287 (3d Cir. 2006) (per curiam); *Coffman v. Blake*,

156 Fed. Appx. 863 (8th Cir. 2005) (per curiam)). Until Nicolaison successfully challenges the legality of his civil commitment, he cannot seek relief resulting solely from the fact of that commitment in a lawsuit under § 1983. This action must therefore be dismissed without prejudice. *See Gautreaux v. Sanders*, 395 Fed. App'x 311, 312 (8th Cir. 2010) (per curiam) (modifying dismissal under *Heck* to be without prejudice).

Rather than a civil lawsuit raising constitutional claims under 42 U.S.C. § 1983, the appropriate procedure for Nicolaison to seek relief from his detention in federal court would be a petition for a writ of habeas corpus governed by 28 U.S.C. § 2254. This Court recognizes that, in some circumstances, it may be appropriate to reinterpret a pleading filed by an unrepresented litigant as being brought in the appropriate format. *See, e.g.*, *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014). In this case, however, dismissal without prejudice would be equally necessary had Nicolaison filed his pleading as a habeas corpus petition. Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Nicolaison has previously challenged through a federal habeas petition the legality of the judgment pursuant to which he is now detained. *See Nicolaison v. Ludeman*, No. 07-CV-3224 (RHK/JJG), 2008 WL 508549 (D. Minn. Feb. 21, 2008). That habeas petition was dismissed with prejudice and on the merits. *Id*. Any new habeas corpus petition challenging the legality of the same judgment would therefore be second or successive, regardless of whether new arguments for challenging the judgment are put forward in that petition. *See Dyab v. United States*, – F.3d – , 2017 WL 1717501, at 3 (8th Cir. May 4, 2017) (citing *Magwood v. Patterson*, 561 U.S. 320, 333 (2010)). The Eighth Circuit Court of Appeals has not authorized Nicolaison to file a second or successive habeas petition

3

raising the claims stated in the pleading now before the Court. Accordingly, reinterpretation of Nicolaison's pleading as a habeas petition would lead to the same result: a recommendation of dismissal without prejudice.

Finally, Nicolaison requests appointment of counsel in these proceedings. *See* ECF No. 4. Pro se litigants such as Nicolaison do not have a constitutional or statutory right to counsel in civil cases, *see Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998), and discretionary appointment of counsel would be inappropriate in this matter. Nicolaison had no difficulty in articulating his claims for relief. Instead, Nicolaison faces two insuperable problems, neither of which an attorney could do much about. First, pursuant to *Heck*, Nicolaison cannot attack the underlying legality of his detention through a § 1983 action unless he can show that the judgment pursuant to which he has been detained has already been invalidated. Second, Nicolaison may not pursue habeas corpus relief without first receiving authorization from the Eighth Circuit. Appointment of counsel in this matter would therefore be futile.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE.

2. Plaintiff Wayne Nicolaison's applications to proceed *in forma pauperis* [ECF Nos. 2 & 3] be DENIED.

3. Nicolaison's motion for appointment of counsel [ECF No. 4] be DENIED.

Dated: June 22, 2017

s/ *Steven E. Rau*
Steven E. Rau
United States Magistrate Judge

# **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.